**CROUCH TRANSP. SYSTEM, Inc., v. HARGUS et al.**

**No. 294.**

District Court, W. D. Missouri, St. Joseph Division.

March 25, 1938.

Gaddy & Reed, of St. Joseph, Mo., for plaintiff.

Daniel C. Rogers, of Jefferson City, Mo., for defendants.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and OTIS, District Judges.

## PER CURIAM.

Plaintiff filed its bill September 7, 1937, alleging therein that it is engaged in Missouri in interstate commerce as a common carrier by motor trucks. The bill alleges that the plaintiff has a permit from the Public Service Commission, · the members of which are named as defendants, authorizing it to engage in interstate commerce over the highways of Missouri, and that also it has applied for, but has not yet received, an Interstate Commerce Commission permit. The complaint is that the defendants are interfering with the plaintiff's interstate operations by causing and threatening to cause arrests and prosecutions of its drivers. Injunctive relief is asked. The joint answer filed by defendants denies that there have been any unauthorized arrests or prosecutions or threats thereof, sets up that the arrests which are admitted were for violations of state law, and specially pleads that the plaintiff has not come into court with clean hands.

A temporary injunction was issued after hearing. Because of illness of one of counsel for plaintiff, the hearing of plaintiff's application for a permanent injunction was delayed. The final hearing now has been held and the cause submitted. We are to decide whether a permanent injunction shall issue or the bill be dismissed.

The chief question which the case presents is whether certain transportation of freight by plaintiff from points in Missouri to other points in Missouri, which crosses a state line, is bona fides interstate commerce or, in reality, intrastate commerce to which the plaintiff has sought by subterfuge to give the appearance of interstate commerce for the purpose of evading state laws and undercharging intrastate rates fixed by state authority. But we shall not decide that question. It is so obvious to us that the plaintiff has not come into court with clean hands (and that, since it came into court, it has not comported itself as a litigant seeking relief should), that we shall bottom our decree on that ground. Nor is it necessary, in our opinion, greatly to elaborate the matter.

An interstate carrier must pay for his use of the highways of a state. The laws of Missouri provide how he shall do that. It may be done by obtaining an annual license for each truck used. It may be done by the purchase of a "travel order" authorizing a particular trip. The plaintiff operated twenty-seven pieces of motor equipment over Missouri highways, and was operating that number when the bill was filed (Finding of Fact No. 1). Plaintiff purchased only one motor truck license and never purchased more than one during any year it operated over Missouri highways (Finding of Fact No. 2). Plaintiff did not purchase travel orders in the number required by law, one for each separate trip by an unlicensed motor truck, but, by trick and subterfuge, sought to make one travel order suffice for repeated trips (Finding of Fact No. 3), all of which was known to and approved by the principal officers of plaintiff (Finding of Fact No. 4). At the hearing on plaintiff's application for a temporary injunction when it was announced from the bench that the injunction would be granted, it was also announced that the issuance of the temporary injunction constituted no justification for the plaintiff's failure to pay the fees it owed the state and that they must be paid (Finding of Fact No. 5), notwithstanding which, although more than five months have since elapsed, the plaintiff has paid and undertaken to pay nothing (Finding of Fact No. 6) but has presumed to operate, without payment of fees due, under the protection of this Court's injunction. Moreover the plaintiff has failed and refused to give the bond which the Court required it should give for the protection of defendants against damages sustained by reason of the injunction (Finding of Fact No. 7).

150

We do not think it is necessary to say more. We conclude as a matter of law that the plaintiff did not come into Court with clean hands and, on that account, is entitled to no relief, and that its bill should be dismissed. An exception is allowed to plaintiff.

### Decree

It is ordered, adjudged and decreed that the temporary injunction hereinbefore granted be dissolved, that plaintiff's bill·be dismissed, and that the costs be assessed against plaintiff.